# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JOSEPH PIESCIUK,

:

    Petitioner,

Case No. 1:07-cv-637

:

  -vs-

District Judge S. Arthur Spiegel
Magistrate Judge Michael R. Merz

Warden, Mansfield
 Correctional Institution,

:

    Respondent.

# **REPORT AND RECOMMENDATIONS**

    This habeas corpus case has been pending in this Court for nearly five years. Most recently on November 21, 2011, the Court entered its Substituted Decision and Order on Motion to Stay and Hold in Abeyance (Doc. No. 68). In that Order, this case was ordered "stayed pending the outcome of Petitioner's currently pending mandamus proceedings. Petitioner and Respondent are ordered to keep this Court currently advised of the status of the mandamus proceedings." *Id*. at PageID 4994-4995.

    Petitioner has not filed any kind of status report since that Order, but by examining the public access website of the Butler County Clerk of Courts, this Court has been able to determine that the Butler County Court of Appeals has granted him the mandamus relief he sought. *Piesciuk v. Nastoff*, Case No. CA2011-07-137 (Ohio App. 12th Dist. May 25, 2012)(unreported; copy attached.) More than forty-five days have passed since the Entry and no appeal to the Ohio

1

Supreme Court is reflected on the docket. It therefore appears that the judgment in mandamus is final.

In reaching its conclusion, the court of appeals made a critical ancillary finding, to wit, "that relator's postconviction relief petition was timely filed within 180 days of the time that the entire trial transcript, including voir dire proceedings, was filed." Entry, p. 4. In August, 2011, Petitioner sought precisely that finding when he filed a Motion for an Order to Show Cause (Doc. No. 61) asking this Court to require Respondent to admit that Petitioner had a properly filed post conviction petition which remained undecided in the state courts." Now the finding is in place from the court where it matters.

Petitioner argue in August, 2011, that the finding would "require[e] this Court to dismiss the case at bar without prejudice" because his Grounds for Relief 22, 23, 24, and 25 "remain unexhausted." (Motion, Doc. No. 61). The Twelfth District Court of Appeals has now accepted that position and inferentially recognized the authority cited by Petitioner, *State ex rel. Ferrell v. Clark,* 13 Ohio St. 3d 3 (1984), for the proposition that there is no final trial court judgment in a postconviction proceeding until findings and fact and conclusions of law are entered.

In his Motion, Petitioner recognized that "the one-year statute of limitations time with the AEDPA is tolled if the collateral proceeding is properly filed. . ." The Twelfth District Court of Appeals has now held that the March, 2005, post-conviction petition was properly filed, which means that the statute of limitations remains tolled as of this date and will remain tolled until state court process is completed on the March, 2005, postconviction petition. It follows that the Petition is now a "mixed petition" containing four Grounds for Relief which are unexhausted. In *Rose v. Lundy,* 455 U.S. 509 (1982), the Supreme Court held that a "mixed" habeas petition

containing both exhausted and unexhausted claims must be dismissed; *accord, Pilette v. Foltz,* 824 F.2d 494 (6th Cir. 1987). This mixed Petition should accordingly be dismissed without prejudice to Mr. Piesciuk's filing a complete Petition once exhaustion has occurred. It is therefore respectfully recommended that the Petition be dismissed without prejudice.

July 24, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).

FILED BUTLER CO.
COURT OF APPEALS
MAY 25 2012
MARY L. SWAIN
CLERK OF COURTS

IN THE COURT OF APPEALS FOR BUTLER COUNTY, OHIO

STATE OF OHIO ex rel().
JOE PIESCIUK,

    Relator,

vs.

HON. ANDREW NASTOFF, Judge
Butler County Court of Common Pleas,

    Respondent.

CASE NO. CA2011-07-137

<u>ENTRY GRANTING MOTION FOR
SUMMARY JUDGMENT AND
DIRECTING RESPONDENT TO MAKE
FINDINGS OF FACT AND
CONCLUSIONS OF LAW</u>

    The above cause is before the court pursuant to a motion for summary judgment filed by relator, Joe Piesciuk, on December 5, 2011, and a memorandum in opposition filed by counsel for respondent, Hon. Andrew Nastoff, on April 12, 2012.

    The present petition for writ of mandamus, which was filed by relator on July 29, 2011, seeks an order from this court directing respondent, a judge of the Butler County Court of Common Pleas, to file findings of fact and conclusions of law with respect to the denial of a petition for postconviction relief. The postconviction relief petition was denied by respondent on April 1, 2005.

    On December 14, 2011, respondent filed a motion for summary judgment with this court in this case which was denied by the magistrate on February 3, 2012. Objections were overruled by the court on March 6, 2012. Although relator's motion for summary judgment was before the court when respondent's motion for summary judgment was considered, relator's motion was not sent to the court by the clerk and was brought to the court's attention by relator at a later time.

    Following a jury trial held during December, 2003, relator was convicted of 13 counts of theft by deception, 8 counts of money laundering and one count of engaging

in a pattern of corrupt activity. On December 9, 2004, relator was sentenced to 21 years in prison. *State v. Piesciuk,* Butler C.P. CR2003-03-0387. On March 3, 2004, relator filed a notice of appeal to this court. Relator was represented by counsel on appeal and a complete transcript of proceedings was requested.

On June 22, 2004, the clerk filed an App.R. 11(B) notification that the record on appeal was complete. However, on August 13, 2004, relator's counsel filed a motion to vacate the App.R. 11(B) notice and/or hold the briefing schedule in abeyance until completion and filing of additional transcripts. The reason for the motion was that although a complete trial transcript was requested, pursuant to the Local Rules of the Butler County Court of Common Pleas, voir dire transcripts are not provided unless they are ordered to be provided by the trial court judge upon a showing of good cause. The motion stated that the voir dire portion of the transcript was required for the appeal, and that a motion to provide the voir dire transcript had been granted by the trial court judge. In an entry filed on August 24, 2004, this court granted additional time to supplement the record on appeal with the voir dire transcript until September 27, 2004. The voir dire transcript was filed on September 14, 2004.

In the March 6, 2012 entry overruling objections to the magistrate's decision denying respondent's motion for summary judgment, this court held that the issue of whether relator's postconviction relief petition filed on March 14, 2005 was timely filed was not fully litigated when this court denied his motion for leave to appeal in Case No. Butler CA2005-05-113, an attempted appeal from the denial of postconviction relief. That case was dismissed because it was not timely filed and leave to appeal was not available. As stated in the magistrate's February 3, 2012 decision, the entry upon which respondent relied to establish the 180-day period for filing a petition for post-

conviction relief failed to take into consideration that relator subsequently obtained leave to supplement the record with an additional transcript of voir dire proceedings. This court now expressly finds that relator's postconviction relief petition was timely filed within 180 days of the time that the entire trial transcript, including voir dire proceedings, was filed.

In opposition to relator's motion for summary judgment, respondent makes three arguments. First, respondent again argues that relator's petition for postconviction relief was not timely filed. For the reasons stated above and the reasons set forth in this court's March 6, 2012 entry overruling objections to the magistrate's decision, this argument is without merit.

Second, respondent argues that relator has an adequate remedy in the ordinary course of law and is therefore not entitled to mandamus. However, it is settled law that mandamus will lie to compel findings of fact and conclusions of law when a trial court denies a petition for postconviction relief without making such findings. See, e.g., *State ex rel. Ferrell v. Clark,* 13 Ohio St.3d 3 (1984).

Finally, respondent argues that relator's claim is barred by laches. The doctrine of laches does apply to petitions for writ of mandamus. *State ex rel. Moore v. Sanders*, 65 Ohio St.2d 72 (1981). In order to successfully invoke the defense of laches, respondent must show that the delay materially prejudiced his rights or the rights of others. *Id.; State ex rel. Stuckey v. Washington C.H. City Sch. Dist.,* 12th Dist. No. CA89-07-018, 1990WL14806 (Feb. 20, 1990).

Respondent contends that laches should apply in the present case because relator has not explained the reason for the six-year delay, and because re-visiting the decision denying postconviction relief will be difficult. However, a review of the petition

indicates that it contains arguments involving whether the trial court properly imposed non-minimum, consecutive sentences, whether relator was properly given the opportunity for allocution, whether relator received the effective assistance of trial counsel, and the form of the indictment. All of these arguments can be addressed at the present time. The court further observes that relator has been making efforts, although somewhat misdirected, to cause respondent to make findings of fact and conclusions of law since his petition for postconviction relief was denied.

Based upon the foregoing, relator's motion for summary judgment is GRANTED. The petition for writ of mandamus is GRANTED. Respondent is ORDERED to file findings of fact and conclusions of law with respect to the denial of relator's March 14, 2005 petition for postconviction relief.

IT IS SO ORDERED.

_____
Robert A. Hendrickson
Administrative Judge

_____
Stephen W. Powell, Judge

_____
Rachel A. Hutzel, Judge